# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

2017 JUN -1 A 9: 35

| | | |
|---|---|---|
| Melissa Reynolds-Herod | ) | |
|    Plaintiff | ) | Case No: |
| | ) | |
| vs | ) | |
| Roquemore & Roquemore, Inc; | ) | Trial by Jury Demanded |
| and DOES 1-10, inclusive | ) | |
|    Defendant | | |

## COMPLAINT FOR VIOLATION OF THE FCRA, FDCPA, and TCPA

### PARTIES

1. The Plaintiff in this lawsuit is Melissa S Reynolds-Herod, a natural person, who resides in Newark, New Jersey, and is a "consumer" as the term is defined by 15 U.S.C § 1692a(3).

2. The Defendant in this lawsuit is Roquemore & Roquemore, (Roquemore), an unknown Texas business entity with offices at 329 Oaks Trail, Suite 212, Garland, Texas 75043 operating as a collection agency, and is a debt "Debt Collector" as the term is defined by 15 U.S.C § 1692a(6).

3. Does 1-10 (the "Collectors") are individual collectors employed by Roquemore and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

4. Roquemore at all times acted by and through one or more of the Collectors.

## PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681p *et seq*. This is an action for damages and injunctive relief brought by Plaintiff against Defendant for violations of the Telephone Consumer Protection Act (TCPA) 47 USC §227(b)(1)(A), Telephone Consumer Protection Act (TCPA) 47 USC §227(b)(1)(A)(iii), the Fair Debt Collection Practices Act (FDCPA) 15 USC §1692b(1), Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692b(3), Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692c(a)(1), Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692d(5) and Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692d(6), Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692e(10), Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692e(11), and New Jersey Fair Debt Collection Practices Act (N.J.S.A. 4-18-1 et seq),

## JURISDICTION AND VENUE

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act. 15 U.S.C. §1692, et seq. (the "FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 §1367.

3. This action arises out of Defendants' repeated violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 (the "FCRA").

4. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii).

5. This court has jurisdiction under 15 U.S.C. §1681p and 28 U.S.0 §133.

6. This court has jurisdiction under 47 U.S.C. §227(b)(3), 28 U.S.C. §1331 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper pursuant to 28 U.S.C. §1391b. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

8. All conditions precedent to the bringing of this action have been performed.

9. The occurrences which give rise to this action occurred in Essex and Union County, New Jersey and
Plaintiff resides in Essex County, New Jersey.

10. Venue is proper in the Newark District Court of New Jersey.

11. This is an action for damages which exceeds $15,000.00.

## FACTUAL ALLEGATIONS
### A. The Credit Report

1. I, Plaintiff pulled her consumer credit reports from the three major credit reporting agencies and found entries by entities that he was unfamiliar with in the reports.

2. Plaintiff determined that his consumer credit report had been accessed on various occasions by various entities he did not recognize and without her consent.

3. Plaintiff found after examination of her Experian consumer credit report that Defendant Roquemore gained access Plaintiff's Experian consumer credit report on March 10, 2015, February 9, 2016, and February 26, 2016.

4. On March 10, 2015, February 9, 2016, and February 26, 2016 Roquemore gained accessed to Plaintiff's credit report without a permissible purpose, which appears as an inquiry on his Experian Credit Report.

### B. Debt

6. The Debt arose from services provided by the Creditor which were primarily for family, person or household purposes, which meet the definition of a "debt" under 15 U.S.C § 1692a(5).

7. The Debt was purchased, assigned or transferred to Roquemore for collection, or Roquemore was employed by the Creditor to collect the Debt.

8. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C . § 1692a(2).

### C. Roquemore Engages in Harassment and Abusive Tactics

9. In or around August 2014, Roquemore called Plaintiff's ex-mother-in-law cell phone and told her that Plaintiff had stolen property in his possession because she was behind on his car payments.

10. In addition Roquemore called Plaintiff's fiancé cell phone and told him that Plaintiff had stolen property in his possession because she was behind on her car payments and Roquemore was calling the police.

11. In addition, Roqumore called Plaintiff's work office telephone and left several messages on the answering machine despite already having Plaintiff's contact information

12. In addition, Roqumore called Plaintiff's main job telephone number and had her paged despite already having Plaintiff's contact information.

13. The calls to Plaintiff's ex-mother in-law, fiancé, and job caused Plaintiff a great deal of stress and embarrassment.

14. In addition, Roquemore placed at least 2 calls to Plaintiff wireless cell phone prior to 8:00 AM and after 9:00PM EST.

15. The calls made to Plaintiff's wireless phone were not for emergency purposes and were made without consent to do so, express or otherwise, of the Plaintiff having been given at any time.

16. Some of the calls from the Defendant to Plaintiff's were made to wireless phone number 908-305-3143 occurred on between 8-2014 through November 2015.

Further, on the several occasions when Plaintiff would answer Defendant's calls Defendant would not say anything there would be only dead air.

13.  On the several occasions when Plaintiff would answer Defendant's call he stated "quit calling this number" or "quit calling this phone" but there was only dead air and it disconnected the call.

14. Plaintiff at or near the time each of the calls were placed to his wireless phone by the Defendant made handwritten notes of many of the call details including but not limiting to the date, time, whether Plaintiff answered the call and what was said by the caller, if anything, what Plaintiff said or whether a voicemail message was left.

15. Upon information and good faith belief, the telephone calls identified above were placed to Plaintiff's wireless phone number using an automatic telephone dialing system (ATDS).

16. Upon information and belief, Defendant placed the calls to the Plaintiff identified above voluntarily.

17. Upon information and belief, Defendant placed the calls to the Plaintiff identified above under its own free will.

18. Upon information and belief, the Defendant had knowledge that it was using an automatic telephone dialing system to place each of the telephone calls identified above.

19. Upon information and belief, Defendant intended to use an automatic telephone dialing system to place each of the telephone calls identified above.

20. Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's wireless telephone number.

21. This complaint is brought within the statute of limitations pursuant to 47 U.S.C. 227.

22. At the times that all of the above identified calls were received on Plaintiffs wireless phone. Plaintiff was the subscriber to the called number and was the **sole person** having custody of said phone and paid for the airtime for the called phone number.

### D. Plaintiff Suffered Actual Damages

23. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

24. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, frustration, embarrassment, fear, and migraine headaches.

### Count 1
### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT

10. Paragraphs 1 through 4 are **realleged** as though fully set forth herein.

11. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

12. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

13. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.SC. § 1681a(d).

15. The FCRA, 15 U.S.C. § 1681b(f) defines the permissible purposes for which a person may obtain a consumer credit report.

16. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of

credit as a result of the inquiry.

17. Roquemore is a furnisher of information within the meaning of the FCRA, 15 U.S.C. § 1681s-2.

18. Roquemore. willfully violated the FCRA. Defendants violations include, but not limited to the following:

    (a) Roquemore willing violated 15 U.S.C. § 1681b(f) by obtaining Plaintiff's consumer report without permissible purpose as defined by 15 U.S.C. § 1681b.

19. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant Roquemore.

WHEREFORE, Plaintiff demands judgment for damages against Roquemore for actual or statutory damages, and punitive damages, attorney's fees and cost, pursuant to 15 U.S.C. § 1681n.

## Count II

### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 NEGLIGENT NON-COMPLIANCE BY DEFENDANT

20. Paragraphs 1 through 8 are realleged as though fully set forth herein.

21. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

22. Plaintiff is a furnisher of information within the meaning of the FCRA 15 U.S.C. § 1681s-2.

23. Roquemore negligently violated the FCRA. Defendant's violations include, but are not limited to the following:

    (a) Roquemore. negligently violated 15 U.S.C. § 1681b(f) by obtaining Plaintiff's consumer report without permissible purpose as defined by 15 U.S.C. § 1681b.

    WHEREFORE, Plaintiff demands judgment for damages against Roquemore. for actual or statutory damages, and punitive damages, attorney's fees and cost, pursuant to 15 U.S.C. § 1681o.

### COUNT III

## VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227 (b)(1)(A)(iii)

24. Plaintiff repeats and re-alleges each and every allegation stated above.

25. Defendant's aforementioned conduct violated the TCPA, 47 U.S.C. §227.

WHEREFORE, Plaintiff prays from relief and judgement, as follows:

a. Adjudging The Debt Collector violated the TCPA 47 U.S.C. §227.

b. Awarding Plaintiff statutory damages pursuant to 47 U.S.C. §227(b)(3)(B)(C) of $500 for the first call and $1500 for each call thereafter made to Plaintiff's wireless phone as knowing and /or willful violations;

c. Awarding Plaintiff any feed and costs incurred in this action;

d. Awarding Plaintiff any post-judgement interest as may be allowed under the law;

e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATIONS OF THE FDCPA- 15 U.S.C 15 U.S.C. §1692, et seq.

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as fully stated herein.

27. Defendants' conduct violated 15 U.S.C. §1692b in that the Defendants contacted Plaintiff's ex-wife, fiancé, and job for a purpose other than to confirm or correct location information.

28. Defendant's conduct violated 15 U.S.C. §1692c(a)(1) in that Defendants contacted Plaintiff before 8:00am and after 9:00PM.

29. Defendant's conduct violated 15 U.S.C. §1692c(b) in that Defendants communicated with Plaintiff's ex-mother-law and fiancé in reference to the Debt allegedly owed.

30. Defendant's conduct violated 15 U.S.C. §1692d in that Defendants engaged in behavior that the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

31 Defendant's conduct violated 15 U.S.C. §1692f in that Defendants used unfair and unconscionable means to collect the Debt.

WHEREFORE, the forgoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA. Plaintiff demands judgment for damages against Roquemore for actual or statutory damages, and punitive damages, attorney's fees and cost, pursuant to 15 U.S.C. § 1692.

## COUNT IV
## VIOLATIONS OF THE New Jersey Fair Debt Collection Statute Title 45

32. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully set forth herein at length.

33. The acts, practices and conduct engaged n by Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Title 45 and NJ State 56 New Jersey Deceptive Trade Practices Laws.

34. Defendants willfully and knowingly engaged in deceptive acts and practices in violation of NJ State Statues.

WHEREFORE , Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices including damages associated with and among other things, humiliation, anger, anxiety, emotional distress, frustration, embarrassment, fear, and migraine headaches caused by Defendants. By virtue of the foregoing Plaintiff is entitled to recover statutory damages, actual damages, trebled together with reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 31th of May, 2017

_____

Melissa Reynolds-Herod
277 Ridgewood Avenue
Newark, New Jersey 07112